IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH TORREZ,**

    **Petitioner,**

**vs.**                                                                                                    No. CIV 00-0479 LH/LCS

**PETER PEPE,**

    **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 16), filed June 22, 2000. Petitioner has filed a Response, (Doc. 17), and a Supplemental Response, (Doc. 18), to the Motion to Dismiss. The Court has considered the Motion, Answer, Response, Supplemental Response, the record herein, and the relevant law. For the reasons stated, I propose finding that the Motion to Dismiss is well-taken and I recommend that it be **GRANTED**.

**PROPOSED FINDINGS**

    1.    Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the First Judicial District Court for the County of Santa Fe, State of New Mexico, dated January 9, 1997. (Answer Ex. A.) After he pleaded guilty to one count of aggravated battery and admitted his status as an habitual offender, (Answer Ex. C), Petitioner was sentenced to four years incarceration consecutive to the sentence he was serving at the time, to be followed by two years parole. (Answer Ex. A.) Petitioner was subsequently transferred to a facility in Massachusetts by the State of New Mexico.

2.       On January 10, 1997, Petitioner filed a Motion to Reconsider Sentence. (Answer Ex. E.) The state district court denied the Motion to Reconsider Sentence on February 17, 1997. (Answer Ex. G.) Petitioner did not challenge the Judgment, Sentence and Commitment by a direct appeal or through a state petition for a writ of habeas corpus. In his Response and his Supplemental Response, Petitioner does not argue that he exhausted state court remedies.

3.       A habeas corpus petitioner must exhaust available state court remedies before obtaining federal habeas relief. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion requirement is based on notions of comity and creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Granberry v. Greer*, 481 U.S. 129,131 (1987). This Court has the discretion to reach the merits of an unexhausted claim that is clearly without merit, or easily resolvable against the defendant. *See* 28 U.S.C. § 2254 (b)(2); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997). However, federal district courts routinely dismiss petitions where the petitioner has failed to exhaust his state court remedies. *See Bear v. Boone*, 173 F.3d 782, 786 (10th Cir. 1999). Petitioner failed to exhaust his state court remedies with respect to the issues raised herein. Accordingly, Petitioner's claim under 28 U.S.C. § 2254 is subject to dismissal for failure to exhaust state court remedies.

4.       Petitioner's claim is subject to denial on the merits. The primary relief sought by the Petitioner is a transfer back to New Mexico. Such a claim may be raised procedurally under 28 U.S.C. § 2241, without exhaustion of state court remedies. *See Rael v. Williams*, ____ F.3d ____, 2000 WL 1050091 at *2 (10th Cir. 2000). Moreover, such a claim may be construed as a challenge to conditions of confinement under 42 U.S.C. § 1983. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). However, neither the United States Constitution nor any federal law prohibits the

transfer of an inmate from one state to another. *See Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000) (*citing Olim v. Wakinekona*, 461 U.S. 238, 245-48, (1983)).  In addition, there is no federal constitutional right to incarceration in any particular prison. *See Twyman v. Crisp*, 584 F.2d 352, 355-56 (10th Cir.1978) (*citing Meachum v. Fano*, 427 U.S. 215, 226-27 (1976)).  Because only federal claims are cognizable on federal habeas corpus or under 42 U.S.C. §1983,  Petitioner's request for a transfer back to New Mexico is not cognizable on federal habeas corpus or under § 1983.  Therefore, the Petition is subject to dismissal on the merits.

## RECOMMENDED DISPOSITION

I recommend that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**